

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Barry K. Myrvold**
*Special Federal Litigation*
(212) 788-9391
(212) 788-9776 (fax)
bmyrvold@law.nyc.gov

RECEIVED MAR 3 1 2008 CHAMBERS OF DENISE COTE

**MEMO ENDORSED**

March 28, 2008

**By Hand**
Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

Re:  Jerome Allen v. The City of New York, et al., 08 CV 2525 (DC)

Your Honor:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this action. I am writing, with plaintiff's counsel's consent, to respectfully request (a) an enlargement of time from March 28, 2008 to May 16, 2008, to respond to the complaint on behalf of the City of New York[1] and (b) jointly on behalf of all parties that this non-ECF case be assigned to the ECF system.

    There are several reasons for seeking this enlargement of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that on January 11, 2007 and January 12, 2007, in certain premises located on Stebbins Avenue in the Bronx, plaintiff was allegedly detained, had his personal property damaged, falsely arrested, and maliciously prosecuted. Plaintiff alleges that the criminal charges were allegedly dismissed in May 2007. Currently, this office is in the process of forwarding to plaintiff's

---

[1] Plaintiff's counsel advised me that he sent a Notice of Lawsuit and Request for Waiver of Service of Summons on the individually-named defendant, Detective Angel Melendez, and that he has not yet received any response thereto As of this date, we have not received a request for representation from Detective Melendez and we have not received any indication that he has responded to plaintiff's notice. Without appearing on his behalf, the City respectfully requests that the same extension be granted to him in order to ensure that his defenses are not jeopardized while representation issues are being decided.

Honorable Judge Denise Cote
Jerome Allen v. NYC, et al.
March 28, 2008
Page 2

counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The executed release is necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiff's alleged false arrest malicious prosecution claims. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged physical injuries and treatment.

Further, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendant. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be enlarged to May 16, 2008. No previous request for an enlargement of time to respond to the complaint has been made in this action.

Also, as mentioned above, I am writing on behalf of all parties to jointly request that this non-ECF case be assigned to the ECF system. The plaintiff in this case is not appearing Pro Se, and this is not a Social Security, Habeas Corpus or any other type of case falling outside of the categories of cases that are normally assigned to the ECF system. Assigning this case to the ECF system would benefit the Court and the parties by simplifying case administration.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold

cc:  Michael R. Scolnick        By Fax (845) 365-1506
     *Attorneys for Plaintiff*

Granted. Answer due 5/16/08.

Denise Cote
March 31, 2008