UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEROME ALLEN,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, DET ANGEL
MELENDEZ, shield 06311, of the FSD, and "JOHN
DOEs ONE through TWENTY," police officers of the
CITY OF NEW YORK, the identity and number of
whom is presently unknown to plaintiff, persons
intended being the police officers and/or supervisors
who participated in the arrest, detention and
prosecution of plaintiff,

                            Defendants.

------------------------------------------------------------------------ x

08-CV-2525 (DC)

ANSWER TO COMPLAINT
BY CITY OF NEW YORK
AND DETECTIVE ANGEL
MELENDEZ

JURY TRIAL DEMANDED

        Defendants City of New York and Detective Angel Melendez by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for

their answer to the Complaint, dated March 5, 2008, respectfully state, upon information

and belief, as follows:

        1.   Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that plaintiff has commenced an action as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the Complaint, except

state that the allegations that officers were acting "under color of state laws" are legal

conclusions that do not require a response.

        3.   Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that plaintiff purports to invoke jurisdiction as stated therein.

4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in the Southern District.

5.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.   Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

8.   Deny the allegations set forth in paragraph "8" of the Complaint.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that in January 2007 Angel Melendez was employed by the City as a Police Detective and state that the allegations that Melendez was "acting in the course and scope of their employment as such and in the furtherance of the interests and business of their said employer" are legal conclusions that do not require a response.

10. State that the allegations that the individual defendants were "acting under color of state law" are legal conclusions that do not require a response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that on or about August 14, 2007, a document purporting to be a notice of claim was received by the City's Comptroller's Office, and that the claim has not been settled or otherwise disposed of.

12. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on or about January 12, 2007 at about 12:15 A.M. City police officers, including Melendez, executed a search warrant on the premises located a 1023 Stebbins Avenue/1023 Rev. James A. Polite Ave. in the Bronx (the "Premises").

14. Deny the allegations set forth in paragraph "14" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff undertook to do.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff's cell phone was vouchered for safekeeping.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that on January 12, 2007 at about 12:15 A.M., plaintiff was arrested at the Premises.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, and deny that a copy of a criminal complaint is attached to the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except refer to the terms of the criminal complaint for a full statement of its terms.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's arraignment and admit that the criminal complaint was signed by Melendez.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

concerning any strip searches and admit that plaintiff's cell phone was vouchered for safekeeping, and plaintiff was handcuffed and detained.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff was held at a precinct and a central booking facility.

27. Deny the allegation set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's criminal court appearances.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, and each of its subparts.

32. Deny the allegations set forth in paragraph "32" of the Complaint, and each of its subparts.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political

subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. Defendant Melendez has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. There was probable cause for plaintiff's detention, arrest and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiff's state law claims are barred in whole or in part by the applicable limitations periods.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e and 50-i.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. At all times relevant to the acts alleged in the Complaint, defendant Melendez acted reasonably in the proper and lawful exercise of his discretion.

WHEREFORE, defendants City of New York and Police Detective Angel Melendez demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          May 16, 2008                     Respectfully submitted,

                                           MICHAEL A. CARDOZO
                                           Corporation Counsel of the
                                           City of New York
                                           *Attorney for Defendants*
                                           CITY OF NEW YORK and DETECTIVE
                                           ANGEL MELENDEZ
                                           100 Church Street, Room 3-162
                                           New York, New York  10007
                                           (212) 788-9391
                                           bmyrvold@law.nyc.gov

                                                /s/ Barry Myrvold
                                           By: _____

                                               Barry Myrvold

TO:  Michael R. Scolnick
     Michael R. Scolnick, P.C.
     *Attorneys for Plaintiff*
     75 Burrows Lane
     Blauvelt, New York 10913
     (845) 354-9339

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

By ECF:
Michael R. Scolnick
Michael R. Scolnick, P.C.
*Attorneys for Plaintiff*
75 Burrows Lane
Blauvelt, New York 10913
(845) 354-9339

DATED:    New York, New York
          May 16, 2008

/s/ Barry Myrvold
_____

Barry Myrvold

Index No. 08CV2525(DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME ALLEN,

Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**ANSWER TO COMPLAINT**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, N.Y.  10007
Of Counsel: Barry K. Myrvold
Tel:  (212) 788-9391
NYCLIS No.

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................... , 2008......*

*........................................................................ Esq.*

*Attorney for ............................................................*